UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER ZASLAVSKIY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>WELTMAN, WEINBERG, & REIS CO., LPA<br><br>Defendant. | CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff ALEXANDER ZASLAVSKIY (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Cohen & Mizrahi LLP, against Defendant WELTMAN, WEINBERG, & REIS CO., LPA ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws… [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq.*, of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a collection agency with its principal office located in Grove City, Pennsylvania.

10. Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if set forth at length herein.

13. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

14. The Class consists of (a) all individuals with addresses in Kings County in the State of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of the debt (e) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

15. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common issues

predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1962e.

18. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of

herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

21. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### ALLEGATIONS PARTICULAR TO ALEXANDER ZASLAVSKIY

23. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if set forth at length herein.

5

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, facsimile, and Internet.

25. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account originally owed to NAVIENT CREDIT FINANCE CORPORATION ("Navient").

26. On or about July 25, 2018, Defendant sent Plaintiff a collection letter (the "Collection Letter") seeking to collect a balance allegedly incurred for personal purposes. A copy of the Collection Letter is attached hereto and incorporated herein as **Exhibit A**.

27. The Collection Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

29. Upon information and belief, Defendant's Collection Letter is a form letter.

30. Upon information and belief, the Defendant's Collection Letter is identical to other collection letters sent to consumers, which number in the hundreds.

31. Defendant's Collection Letter provides, in pertinent part, as follows: "Balance due as of 7/25/2018: $2,716.32"

32. The Collection Letter also provides, in pertinent part, as follows:

> "Total amount due at charge-off: $2.421.19
> Total Interest Charged Since Charge-
> off: $287.69
> Total Charges and Fees Since Charge-off: $7.44".

33. As a result of the following counts Defendant violated the FDCPA.

**First Count**

**Violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692e(5)**
**False or Misleading Representations**

34. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if set forth at length herein.

35. 15 U.S.C. § 1692e provides, in pertinent part, as follows:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) the false representation of –
>
> (A) the character, amount, or legal status of any debt; or…
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

36. Defendant's Collection Letter provides, in pertinent part, as follows: "Balance due as of 07-25-2018: $2,716.32" This phrase implies that the balance may increase at a later stage. See *Chuway v. Nat'l Action Fin., Servs*, 362 F.3d 944 (7th Cir. 2004) (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided).

37. Pursuant to the terms and conditions of the agreement between Navient and Plaintiff, Navient charged Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

38. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by Navient.

39. The right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

40. Plaintiff was never informed by anyone that the terms and conditions of the underlying agreement were changed.

41. Pursuant to the terms and conditions of the credit agreement, interest and late fees continued to accrue on any payments due but not timely made by Plaintiff.

42. Pursuant to the terms and conditions of the credit agreement, Navient and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff.

43. Pursuant to the terms and conditions of the credit agreement, the legal right of Navient and any assignee or successor-in-interest to collect from Plaintiff interest and late fees on any payments due but not timely made by Plaintiff is not waived by Navient or any assignee or successor-in-interest as a result of a failure by either Navient or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest and late fees.

44. Plaintiff was left uncertain as to whether the balance would increase as there was no disclosure that indicated otherwise.

45. Plaintiff was left uncertain as to whether the balance would continue to increase due to the accrual of additional interest since the balance already increased by $287.69 due to interest charged since charge-off.

46. Plaintiff was left uncertain as to whether the balance would continue to increase due to the accrual of fees since the balance already increased by $7.44 due to fees charged since charge-off.

47. The Collection Letter does not clearly state either that the amount will or will not increase. See *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016).

48. While it is typical for a collection letter to state an "amount due" or an "account balance", it is not typical for a collection letter to state that the amount owed is as of a specific date, as such language implies that the balance will increase at a different date. See *Islam v. Am. Recovery Serv.*, No.: 17-cv-4228-BMC, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of *Avila*). See also, *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No.: 17-cv-6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

49. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures harms the consumer such as Plaintiff.

50. Collection letters that state only the "Current Balance Due", "As of the date of this letter you owe [amount due]" or "As of the date of this notice you owe [amount due]", but do not disclose that the balance might increase due to interest and fees, are misleading within the meaning of § 1692e.

51. If Defendant is not authorized by the current creditor to collect interest, late fees, or non-interest charges or fees, by stating The Amount due above reflects the total balance due as of the date of this letter," Defendant falsely suggested that immediate payment of the balance would benefit Plaintiff by implying that the balance would be subject to change and could be subject to additional interest and late fees. See *Islam v. Am. Recovery Serv.*, No.: 17-cv-4228-BMC, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (Language such as the "current balance" or

"as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of *Avila*). See also, *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No.: 17-cv-6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

52. The Collection Letter falsely implies that the debt is dynamic and not static, leading the consumer to believe that the debt may accrue interest and fees at a later date.

53. If, however, Defendant never intended to add any charges and fees to Plaintiff's account, Defendant misrepresented the character of the alleged debt in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely implied charges and fees could accrue on the account.

54. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) by misrepresenting the amount of debt owed by Plaintiff.

55. Because the Collection Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

56. For these reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10). See *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)); see also *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-CV-00523(ADS)(ARL), 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017); *Islam v. American Recovery Service Incorporated*, 17-CV-4228 (BMC), 2017 WL 4990570, at *2 (E.D.N.Y. Oct. 30, 2017); and *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No.: 17-cv-6452-BMC, 2018 WL 2093116 (E.D.N.Y. May 3, 2018).

57. Plaintiff suffered an injury in fact by being subjected to unfair and abusive practices of the Defendant.

58. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

59. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

60. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

61. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

62. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

63. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The FDPCA enables consumers to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. One purpose of the FDPCA, among others, is to provide information that helps consumers choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits. As a result, Defendant's materially misleading statements trigger liability under § 1692e of the FDCPA.

64. Defendant's deceptive communications additionally violate the FDPCA since they frustrate the consumer's ability to intelligently choose his or her response.

65. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered, including, without limitation, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury.

66. As a result of the foregoing Count, Defendant violated the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**COHEN & MIZRAHI LLP**

Dated: Brooklyn, New York
August 22, 2018

By: /s/ Daniel C. Cohen
Daniel C. Cohen, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dan@cml.legal
*Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Daniel C. Cohen
Daniel C. Cohen, Esq.